UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER L. NICORA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | NO. CV-12-5091-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Motion for Summary Judgment, ECF No. 18. The motions were heard without oral argument. Plaintiff is represented by David Lybbert. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Richard Rodriguez.

**I.     Jurisdiction**

On May 7, 2008, Plaintiff filed a Title XVI application for supplemental security income (SSI). Plaintiff alleges he has been disabled beginning October 21, 2006.

His application was denied initially on January 5, 2009, and again denied on reconsideration on June 1, 2009. A timely request for a hearing was made. On September 16, 2010, Plaintiff appeared at a video hearing in Kennewick, Washington before Administrative Law Judge (ALJ) Moira Ausems, who was presiding in Spokane, Washington. Dr. Marian F. Martin, medical expert and Richard Cheney, vocational expert, also participated. Plaintiff was represented by

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

attorney David Lybbert.

The ALJ issued a decision on February 17, 2011, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied his request for review on May 25, 2012. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on July 11, 2012. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(e). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 21 years old. He does not have any prior work experience.[1] He graduated from an alternative high school. He attended some classes at the community college from 2007 - 2009, but tended to withdraw

---

[1] He worked for two weeks for Amazon, in Seattle, Washington in 2009. The ALJ considered this work as an unsuccessful work attempt. (Tr. 12.) Plaintiff testified that he quit this job because he could not handle it.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

from the classes before the end of the quarter. At the time of the hearing, Plaintiff was living in an apartment with his girlfriend. He does not drive.

## V. The ALJ's findings

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 7, 2008, the application date. (Tr. 12.)

At step two, the ALJ found Plaintiff has the following severe impairments: bipolar disorder, anxiety disorder with reported panic attacks and agoraphobia, and history of marijuana and alcohol abuse in reported remission. (Tr. 12.)

At step three, the ALJ found Plaintiff's impairments or combination of impairments meet or medically equal section 12.04 (Affective Disorders), 12.06 (Anxiety-Related Disorders), and 12.09 (Substance Addiction Disorders) of CFR Part 404, Subpart P, Appendix 1. (Tr. 15.)

At step four, the ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels that does not involve performance of more than semiskilled tasks (i.e. specific vocational preparation (SVP 4) or that requires more than superficial contact with others. (Tr. 16.)

At step five, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and determined that there are jobs that exist in significant numbers in the national economy that he can perform. (Tr. 16.) Specifically, the ALJ found Plaintiff could perform the requirements of representative occupations such as assembler, housekeeper/cleaner, surveillance systems monitor, or addresser. (Tr. 19.)

## VI. Issues for Review

Plaintiff presents the following issues for review:

1. Whether the ALJ failed to adequately develop the record?

2. Whether sufficient evidence supports the ALJ's residual functional capacity assessment?

3. Whether the ALJ erred in her credibility assessment of Plaintiff?

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

4. Whether the ALJ failed to give the proper weight to Dr. Nand's opinion?

5. Whether the ALJ presented the VE with a complete and accurate hypothetical?

**VII. Discussion**

**1.    Dr. Nand's Opinion**

Plaintiff argues the ALJ gave improper weight to Dr. Nand's testimony by relying on the opinion of a non-examining physician over the statements of a treating source.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

As the Ninth Circuit explained:

> By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians. *See* 20 C.F.R. § 404.1527. If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Id.* § 404.1527(d)(2). If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given. Those factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Id.* § 404.1527(d)(2)(I)-(ii). Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians. *Id.* § 404.1527(d)(1)-(2). Additional factors relevant to evaluating any medical opinion, not limited to the opinion of the treating physician, include the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; the specialty of the physician providing the opinion; and "[o]ther factors" such as the degree of understanding a physician has of the Administration's "disability programs and their evidentiary requirements" and the degree of his or her familiarity with other information in the case record. *Id.* § 404.1527(d)(3)-(6).

*Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

An ALJ may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

Dr. Nand is a treating physician. In April, 2010, Dr. Nand concluded that Plaintiff had marked impairments[2] in the following areas: (1) ability to understand and remember very short and simple instructions; (2) the ability to understand and remember detailed instructions; (3) the ability to carry out detailed instructions; (4) the ability to maintain attention and concentration for extended periods; (5) the ability to interact appropriately with the general public; (6) the ability to respond appropriately to changes in the work setting; and (7) the ability to travel in unfamiliar places or use public transportation. (Tr. 308-09.)

Dr. Nand concluded that Plaintiff had moderate impairments[3] in the following areas: (1) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (2) the ability to work in coordination with or proximity to others without being distracted by them; (3) the ability to accept instructions and respond appropriately to criticism from supervisors; (4) the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; (5) the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; (6) the ability to be aware of normal hazards and take appropriate precautions; (7) the ability to set realistic goals or make plans independently of others. (Tr. 308-09).

A review of Dr. Nand's treatment notes, however, do not reflect these

---

[2]Marked Impairment is defined as: there is serious limitation in this area. The ability to function is severely limited but not precluded. (Tr. 308.)

[3]Moderate Impairment is defined as: there is moderate limitation in this area but the individual is still able to function satisfactorily. (Tr. 308.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

significant limitations. For instance, in 2010, the treatment notes reflected that Plaintiff was responding well to treatment, he was compliant with his medications, and he had good coping skills. (Tr. 314, 318, 322, 326). Additionally, routinely Dr. Nand suggested Plaintiff to participate in cognitive behavioral therapy. At the hearing, Plaintiff testified that he started cognitive therapy, but stopped after two appointments because he did not get along with the therapists. (Tr. 36.)

On the other hand, Dr. Genthe concluded that Plaintiff did not have these significant limitations. In 2008, Dr. Genthe examined Plaintiff. After conducting numerous tests, Dr. Genthe concluded that Plaintiff's psychological claims were either fabricated, influenced by alcohol or drugs, influenced by medication seeking, or were influenced by problematic personality traits. (Tr. 274.) Dr. Genthe noted that Plaintiff's frequent changes in mood, as evidenced by the treatment records, is rather unusual and suspect. (Tr. 274.) He noted there was subtle information in the record that indicated Plaintiff used alcohol and marijuana. (Tr. 274.) Interestingly, Plaintiff maintains he was in a manic state during this examination, yet Dr. Genthe did not observe or recognize this during the evaluation. Instead, Dr. Genthe indicated that Plaintiff presented an overall normal mental status. (Tr. 274.)

In January, 2009, Dr. Hashmi evaluated Plaintiff for medication management. At that time, Plaintiff reported that he was not taking any medications. During the exam, Dr. Hashmi noted there was no evidence of paranoia or delusional thought. Plaintiff was alert and oriented, well-groomed, and articulate. Plaintiff reported he was attending community college part-time.

Dr. Martin, the expert who testified at the hearing, concluded that the marked limitations identified by Dr. Nand were not borne out by the testing performed by Dr. Genthe. Dr. Martin noted that Plaintiff responds well to treatment and functions in the average to high average range cognitively.

The ALJ's rejection of Dr. Nand's limitations is supported by the record.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

Dr. Nand's opinions regarding Plaintiff's limitations are not well-supported by medically acceptable clinical and laboratory diagnostic techniques and are inconsistent with other evidence in the record. As such, the ALJ was not required to give Dr. Nand's opinion controlling weight. Dr. Nand appears to rely significantly on Plaintiff's self-reported symptoms, which, as explained by Dr. Genthe, are generally suspect. As such, the ALJ did not err in giving Dr. Nand's opinion less weight. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (noting that when an examining physician provides "'independent clinical findings that differ from the findings of the treating physician,' such findings are 'substantial evidence.'").

### 2. The ALJ's Credibility Analysis

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ noted that Plaintiff alleged symptoms at the hearing that are not consistent with treatment notes, notably that Plaintiff is stable when he is compliant with medication. Additionally, Plaintiff testified that he spent 2 days a week in bed, yet the treatment records do not support this. Dr. Martin also testified she saw a number of inconsistencies in the treatment notes.

The ALJ's credibility determination is supported by the record. Dr. Genthe found Plaintiff to be an unreliable historian. While Plaintiff maintained he could not handle working, Dr. Genthe did not believe that Plaintiff had significant limitations that would affect his ability to work. The ALJ relied on Dr. Genthe's opinion that Plaintiff may have been malingering during the evaluation, as well as the fact that the record demonstrated issues of non-compliance, missed appointments, and inconsistent statements concerning Plaintiff's drug and alcohol use. The ALJ did not commit clear error in finding Plaintiff not credible in his assertion that he is unable to work.

### 3. Residual Functional Capacity

Plaintiff asserts the ALJ erred in determining his residual functional capacity. As set forth above, the ALJ properly relied on the opinions of Dr. Genthe and Dr. Martin in determining the residual functional capacity. Consequently, the resulting RFC and conclusion that Plaintiff is capable of performing the requirements of representative occupations, such as assembler, housekeeper/cleaner, surveillance systems monitor, or addresser, is supported by substantial evidence.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

## VIII. Conclusion

Plaintiff has not met his burden of showing the ALJ committed legal error, or that her conclusion that he was not disabled from October 21, 2006 to February 17, 2011, is not supported by substantial evidence. The ALJ properly found Plaintiff capable of performing the requirements of an assembler, housekeeper/cleaner, surveillance systems monitor, or addresser. Moreover, there was no need for the ALJ to further develop the record as it was neither ambiguous nor incomplete. The record demonstrates that when Plaintiff is medically compliant, he responds well to treatment, and has the residual functional capacity to work.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **GRANTED**.

3. The decision of the ALJ denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 7th day of May, 2014.

          *s/Robert H. Whaley*
        ROBERT H. WHALEY
       United States District Judge

Q:\RHW\aCIVIL\2012\Nicora (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11